Morgan<br>vs.<br>Blackiston

JUDGMENT REVERSED.

---

## COURT OF APPEALS, (E. S.) JUNE TÉRM, 1820.

### MORGAN vs. BLACKISTON.

APPEAL from *Kent* county court. It was an action of
debt on a bond dated the 13th of April 1802. Judgment
was given by the court below for the defendant, on a case
stated. The facts agreed upon were, that *Morgan*, the
plaintiff, *at the April term* 1801, of the late General Court,
obtained a judgment on a bond against one *Samuel Davis*,
for penalty and costs, to be released on payment of
$2200, with interest from the 24th of November 1796,
till paid, and costs. Payments were to be allowed, and
there was a stay of execution until the 1st of January 1802.
That *Davis*, together with the present defendant, and ano-
ther person, as his securities, afterwards executed the bond
on which the present action was brought. This bond was
in these words:

"Know all men by these presents, that we, *Samuel Da-
vis, John Comegys* and *Lewis Blackiston*, all of *Kent* coun-
ty, in the State of *Maryland*, are held and firmly bound
unto *Benjamin R. Morgan*, of *Philadelphia* county, State
of *Pennsylvania*, in the sum of sixteen hundred and fifty
pounds, current money, to be paid to the said *Benjamin
R. Morgan*, or his certain attorney, executors, administra-
tors or assigns; to which payment well and truly to be made
and done, we bind ourselves, and each of us, our and each
of our heirs, executors and administrators, firmly by these
presents. Sealed with our seals, and dated this 13th of
April 1802. Whereas the above bound *Samuel Davis* is
about to obtain an injunction out of the High Court of
Chancery of the State of *Maryland*, to stay proceedings at

*An injunction bond is only bind- ing with reference to the judgment it recites, and is a security for the payment of no other judgment than the recited one; as where the judgment recited was stated to have been at April term 1801, when it was in fact at Septem- ber term 1801, it was held that the bond was not lia- ble.*

law on a judgment rendered against him in the General Court for the Eastern Shore of Maryland, *at September term* 1801, at the suit of said *Benjamin R. Morgan*, for the sum of *eight hundred and twenty five pounds, current money, debt,* and *costs of suit.* Now the condition of the above obligation is such, that if the said *Samuel Davis* shall prosecute the said writ of injunction with effect, and satisfy and pay, as well the said debt of eight hundred and twenty-five pounds, as also all costs, damages and charges, that shall accrue in the chancery court, or be occasioned by the stay of execution on the said judgment, unless the court of chancery shall decree to the contrary, and shall in all things obey such order and decree as the chancery court shall make in the premises; then the above to be void, else to remain in full force, &c.

*Samuel Davis,* (Seal.)

*John Comegys,* (Seal.)

*Lewis Blackiston,* (Seal.)

Attested, *John D. Heath.*"

It was also admitted, that *Davis,* on the 10th of April 1802, filed a bill in chancery against *Morgan,* and obtained an injunction the same day to stay proceedings on the judgment recited in the bond. That *Morgan* appeared to and answered the bill; and a motion to dissolve the injunction was heard by the chancellor at February term of that court 1803, and overruled, and the injunction continued. No further proceedings were had in the court of chancery until July term 1809, when it was entered *abated,* by the chancellor, in consequence of the death of *Davis,* which happened about the 15th of May preceding. It was also admitted, that letters of administration were taken out on *Davis's* estate by one *Isaac Spencer,* on the 21st of August 1809, and that no bill of revivor in said chancery cause had ever been filed by the administrator, or by any other person, or any other proceedings had in the same. Judgment being, as before stated, for the defendant, the plaintiff prosecuted the present appeal.

The case was argued in this court at the present term, before BUCHANAN, JOHNSON, MARTIN and DORSEY, J. by

*Tilghman,* for the appellant, *(a)* and

*Carmichael,* for the appellee.

*(a)* He cited 1 *Bac. Ab.* tit. *Condition,* 682.   2 *Com. Dig.* 450, and 1 *P. Wms.* 743.

THE COURT was of opinion, that the bond, on which the action was brought, could not be made to embrace any other judgment than the one it recited; and as the judgment admitted by the case stated to have been obtained by the appellant against *Davis*, was rendered at *April* term 1801, of the general court, and the one recited in the bond is of *September* term 1801, they thought the judgment below ought to be affirmed.