### BIRCKHEAD *vs.* SAUNDERS's Ex'r.—June 1827.

Judgment was obtained against B, W and R, *as administrators* of B, which was entered for the use of S. The defendants appealed, and filed an appeal bond to S, as the obligee, reciting an appeal from a judgment rendered against B, W and R. The judgment appealed from being affirmed by the appellate court, in an action on the appeal bond, the plaintiff assigned, as a breach of the condition, the affirmance aforesaid, and that the judgment affirmed and that mentioned in the bond were the same. The defendants rejoined they were not the same; on which the parties joined issue—*Held*, that after oyer the bond declared on became parcel of the record, and it then appeared judicially to the court, that the judgment recited in the bond upon which the plaintiff had *declared*, was not the same as that relied upon in his replication, and of course the record of the affirmed judgment above mentioned, was inadmissible in evidence under the issue joined.

APPEAL from *Harford* County Court. This was an action of debt, brought on an appeal bond executed by the appellant, and others, on the 5th of February 1822, to the appellee's tes-

tratrix, reciting that *Charlton Waltham*, and *Hester* his wife, administratrix of *James H. Taylor*, for the use of *Elizabeth Saunders*, obtained judgment in *Harford* county court at August term 1821, against the said *Elizabeth Birckhead*, and others, for the sum of, &c. from which judgment the said *Elizabeth Birckhead*, &c. have prayed an appeal. The condition was in the usual form, that if the said *Elizabeth Birckhead*, &c. should prosecute their appeal with effect, &c. then the bond to be void. The defendant, after craving oyer of the bond, pleaded general performance. The plaintiff replied nonperformance; and by way of breach stated, that after the making of the said writing obligatory, and before the issuing of the writ in this case, it was in the court of appeals at June term 1823, adjudged that the judgment rendered in *Harford* county court, wherein *Charlton Waltham*, and *Hester* his wife, administratrix of *James H. Taylor*, use of *Elizabeth Saunders*, were plaintiffs, and the said *Elizabeth Birckhead*, &c. were defendants, should be affirmed, &c. and that the judgment last above mentioned, so affirmed as aforesaid, is one and the same judgment mentioned, recited and referred to, in the condition of the bond upon which this action is brought, &c. Also an averment of nonpayment, &c. The defendant rejoined, that the judgment in the replication is not the same judgment mentioned and referred to in the condition of the said bond—Issue joined.

At the trial the plaintiff offered in evidence the records and docket entries of *Harford* county court of August term 1821, from which it appeared that a judgment was rendered at that term in that court in favour of *Waltham* and wife, administratrix of *Taylor*, for the use of *Elizabeth Saunders*, against *Elizabeth Birckhead*, and others, administrators of *Thomas A. Birckhead*, for, &c. That on the 9th of February 1822, an appeal was prayed by the defendants, which was allowed; and on the same day the bond, on which this action was brought, which was proved and read in evidence, was filed, being endorsed as approved, &c. by the chief judge of the district. The plaintiff also proved that there was no other judgment rendered in the said court at the said term in favour of *Wal*

*tham* and wife, administratrix of *Taylor*, use of *Elizabeth Saunders*, against *Elizabeth Birckhead*, &c. nor was any other judgment rendered of that term at all in favour of the same plaintiffs, nor against the same defendants, either in their individual or representative characters. And further, that no execution was issued in the said cause first above mentioned. The plaintiff further offered in evidence an exemplification of the record of the court of appeals, under seal of the said court, duly certified by the clerk thereof, in the cause of *Elizabeth Birckhead*, &c. administrators of *Thomas H. Birckhead*, against *Charlton Waltham*, and *Hester* his wife, administratrix of *James H. Taylor*, use of *Elizabeth Saunders*, in the court of appeals, wherein judgment of affirmance was given on the 12th of July 1823. To the admission of all which evidence the defendant objected; but the Court, [*Archer*, Ch. J.] overruled the said objection, and permitted the evidence to be given to the jury; and it was accordingly given. The defendant excepted. Verdict, that the judgment mentioned in the replication is the same judgment mentioned and recited, and referred to, in the condition of the writing obligatory aforesaid; and the jury find the sum of $704 52½ is really and justly due to the plaintiff on the writing obligatory aforesaid. Judgment for the penalty, to be released, &c. From which judgment the defendant appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, MARTIN, STEPHEN and DORSEY, J.

*R. Johnson* and *Gill*, for the Appellant, contended, 1. That the judgment in the court below was wrong, because the replication does not assign a breach of the condition of the bond declared on. 2. That there is a variance between the judgment recited in the condition of the bond declared on, and the judgment relied on in the replication; the first being a judgment against the defendants mentioned in such condition, and the latter against the same defendants as administrators. 3. That the issue joined, on which the jury were sworn, was a matter of law, and not a matter of fact, and is therefore immaterial. 4. That the bond declared on is void, it being given to the *cestui que use* of the original judgment, and not to the

legal plaintiffs of that judgment, and therefore not authorised by the act of assembly. 5. That the testimony offered to the jury was inadmissible, because it related to a judgment other and different from that recited in the condition of the bond declared on. 6. That the bond was a security only for the very judgment recited in the condition of the bond.

In their argument on the several points, they referred to *Harwood vs Rawlings*, 4 *Harr. & Johns.* 126. *Wilmer vs Harris*, 5 *Harr. & Johns.* 1, 2, *(and note.) Morgan vs Blackiston*, *Ib.* 61. *James vs Lawrence's Adm'r.* 7 *Harr. & Johns.* 73. *Johnson vs Goldsborough.* 1 *Harr. & Johns.* 499. *Norwood vs Martin*, 3 *Harr. & Johns.* 199. 1 *Chitt. Plead.* 232, 571, 572. The acts of 1713, *ch.* 4, and 1763, *ch.* 23. *Creager vs Brengle*, 5 *Harr. & Johns.* 234, 239.

*Mitchell*, for the Appellee, cited 1 *Chitty's Plead.* 572, 581, *(note,)* 603, *(note b,)* 610. 2 *Chitty's Plead.* 418, *(note t,)* 409, *(note g,)* 626, 627, *(notes y, z.) Com. Dig.* tit. *Pleader*, (2 W 13.) *Lord Proprietary vs. Gibbs*, 1 *Harr. & M·Hen.* 58. *Hendricks vs Commercial Insurance Company*, 8 *Johns. Rep.* 8. *Pitt vs Knight*, 1 *Saund.* 92. *Cutler vs Southern*, *Ib.* 115. *Stafford vs Clark*, 9 *Serg. & Low.* 437. *Kyd on Awards*, 205. *Posterne vs Hanson*, 2 *Saund.* 60, *(note.) Mauleverer vs Hawxby*, *Ib.* 79.

STEPHEN, J. delivered the opinion of the Court. On the trial of this cause in the court below, the plaintiff, to sustain the issue on his part, offered in evidence to the jury, the records and docket entries of *Harford* county court of August term 1821, from which it appeared that a judgment was rendered at that term in said court, in favour of *Charlton Waltham*, and *Hester* his wife, administratrix of *James H. Taylor*, for the use of *Elizabeth Saunders*, against *Elizabeth Birckhead, John Watters* and *James Reardon*, administrators of *Thomas A. Birckhead*, for $1000 penalty, and costs; to be released on the payment of $500, with interest from the 16th of November 1813, until paid, and costs. That from this judgment an appeal was prayed to this court by the defendant, and the appeal bond filed on which this suit was brought. The judgment recited in that bond was stated to have been rendered against

*Elizabeth Birckhead*, and the other defendants, in their individual and not in their representative capacities, and it was for the payment of the recited judgment only that the bond was given, if the court of appeals should so adjudge.    To the declaration filed upon that bond, after oyer prayed and granted, the defendant pleaded performance; the plaintiff in his replication assigns as a breach of the condition of the bond, the affirmance and nonpayment of a judgment obtained against the appellants in their representative character, with an averment that it was the same judgment as that recited in the condition of the bond; the defendant rejoined that it was not the same judgment, and upon the issue so formed the parties went to trial. The defendant objected to the admissibility of the evidence so as aforesaid offered to the jury, but the court overruled the objection, and permitted the evidence to be given to the jury.  In granting such permission it is the opinion of this court, that the court below erred, even if the issue which the jury were called to try had been legally and properly submitted to their determination; which, for reasons that will hereafter be assigned, we think it was not.

The judgment offered in evidence was inadmissible, because it was irrelevant, and did not tend to support the issue joined between the parties, and ought consequently to have been rejected.    The plaintiff in his declaration, made a profert of the bond; this by legal intendment put the bond itself in the possession of the court, and the defendant prayed and obtained from the court oyer of the bond, which made it a part of the plaintiff's declaration, and also matter of record.    In 5 *Bac. Ab.* tit. *Pleas and Pleadings*, 438, the following principles are laid down: "When a deed is pleaded with a *profert hic in curia*, the very deed itself is by intendment of law immediately in the possession of the court; and, therefore, when oyer is craved, it is of the court and not of the party; and after oyer. is craved, the deed becomes parcel of the record, and the court must judge upon the whole;" and that "if the defendant prays oyer of the bond and condition, and it is entered *in hæc verba*, the condition becomes parcel of the plaintiff's declaration."    It then appeared judicially to the court that the judgment recited in the bond, upon which the plaintiff had declared, was not the

same judgment as that relied upon in the plaintiff's replication, and of course it was inadmissible to prove the issue joined between the parties.

But the defendant, instead of denying the plaintiff's averment as to the identity of the judgment, and thereby creating an issue in fact for the jury to try, ought to have pleaded *nul tiel record*, which would have brought the question before the court who were the proper tribunal to have decided it; or he might have demurred to the replication, as the breach therein set forth was not within the condition of the bond, upon which the plaintiff had declared. *Snell vs Snell*, 10 *Serg. & Lowb.* 457, where the law is stated to be that, "If a plaintiff states the legal effect of a deed, the defendant has a right to see it on oyer, and if the meaning varies from that attributed to it in the declaration, in order to take advantage of that variance, he should plead *non est factum*, without setting out the deed. If it does not support the breach, he should set it out and demur."

JUDGMENT REVERSED.