(Decided 15th July, 1867.)

## JACOB EAKLE *vs.* GEORGE W. SMITH.

*Demurrer—Practice—Suit on an Injunction bond, where the Writ never issued, not maintainable—A Court of Equity will punish a party, attempting to evade its Authority.*

A general demurrer to pleas, confesses all the facts stated in them, provided such facts be well pleaded; and the Court will consider the entire record, and give judgment for the party, who on the whole appears to be entitled to it.

Pending an action of ejectment, the defendant therein, applied for an injunction to restrain the plaintiff from further prosecuting said action; and an order was passed directing the injunction to issue; the injunction bond was duly filed and approved, but no writ in fact ever issued. The ejectment suit, however, was entered enjoined. The condition of the bond was to prosecute the writ of injunction with effect. HELD :

That it was impossible for the obligor in the bond to prosecute with effect, a writ which never issued—his responsibility, by the recital and condition of the bond did not commence until the writ issued—and the obligee before he can maintain an action on the bond, must aver in his declaration, that the writ issued, that he had been restrained by it, that it had

Eakle *vs.* Smith.

been dissolved or disposed of, and he must also assign a breach within the condition of the bond, according to its letter and terms.

Where an order is passed directing an injunction to issue, to restrain further proceedings in an action of ejectment, but no writ issues, but by agreement of parties, the suit is entered enjoined, and regarded and treated as if the writ had issued, the proper remedy for the obligee, for any damage sustained by being restrained from the enjoyment of the premises sued for, is on the agreement and not on the injunction bond.

A Court of Equity in vindication of its power and authority, will have its process respected, and will punish a party attempting to elude or evade it; but for not respecting the power of the Court, it will not impose a forfeiture of a bond conditioned to prosecute a writ of injunction with effect, irrespective of the existence of the writ.

APPEAL from the Circuit Court for Washington County.

This was an action on an injunction bond, instituted by the appellant against the appellee. The declaration after setting forth the bond, which was executed on the 29th of March, 1855, stated that the appellee, as trustee of Amos Eakle, an insolvent debtor, had filed his bill of complaint in the Circuit Court for Washington County, as a Court of Equity, on the 11th of April, 1854, against the said Amos and the appellant, alleging among other things, that the said Amos had purchased from the appellant certain real estate in said county, for which he had paid the purchase money, and was in possession, and had conveyed the same to the appellee; that the appellant, however, retained the legal title, refused to give a deed for the land to the said Amos, and denied to the appellee the right or power to take said land into his possession for the purpose of the trusts conferred upon him by the deed from the said Amos; it prayed that the appellant might be decreed to make a good and sufficient deed to the appellee, subject to the trusts in the deed of the said Amos. At the following November Term, the appellee filed a petition in said cause, alleging that since the filing of his bill, the appellant relying upon his legal title, had instituted an action of ejectment in said Circuit Court, on the law side thereof,

against the said Amos, to oust him from the possession of said land, which he then held under the appellee—that said ejectment suit then stood for trial on the docket of said Court, and prayed that an injunction might issue to restrain the appellant from further prosecuting the said action of ejectment, until the further order of the Court. Whereupon, the Court passed an order on the 28th of November, 1854, directing the clerk to issue an injunction as prayed for, upon bond being given by the appellee in the usual form ; that thereupon the appellee filed his bond, which was duly approved. The declaration further averred that the writ of injunction so ordered, did not in fact issue, but the same was supplied by an agreement of counsel ; that the cause proceeded, as if the writ of injunction had issued, and the action of ejectment was regarded and treated as enjoined ; that the appellant did institute said action of ejectment, that the same stood for trial at the November Term, 1854, that the order for the injunction, was passed, and that upon the filing and approval of the injunction bond, the ejectment cause to which the said Amos had appeared by counsel, the appellee being one of his attorneys of record, was entered upon the docket as enjoined, and so continued entered, from term to term, until the July Term, 1868, when a judgment by confession was entered therein in favor of the appellant (the plaintiff in the suit ;) further, that the appellee did not prosecute the writ of injunction in the recital and condition of said bond, with effect ; that in said suit in which the injunction was ordered, upon a final hearing, the Court decided, that a contract for the sale of the land from the appellant to the said Amos, had been made and proved, and passed a decree, directing a sale of the same, by a trustee named therein, and the bringing of the money arising therefrom into Court, to be distributed under its order ; that the appellant took an appeal from this decree to the Court of Appeals, where in July, 1858, the same was reversed and

the cause remanded for further proceedings in conformity with the opinion of the Court; that in consequence of this decree, at the July Term, 1858, of the Circuit Court, the aforesaid judgment by confession, was entered in favor of the appellant, in said ejectment cause. The appellant further declared that he was kept out of possession and enjoyment of said land and premises, and of its rents, issues and profits, by virtue and reason of the premises, and the stay of the legal proceedings in said action of ejectment, for a long space of time, and thereby sustained damages, wherefore an action accrued to him, to demand the sum of money in the said injunction bond mentioned, together with his damages for the detention thereof. The appellee pleaded the following pleas :

1. That the injunction mentioned in the recital and condition of said writing obligatory, declared on in this cause, never issued against the said plaintiff, and that he never was in any manner restrained thereby from, or delayed in, the prosecution of the said action of ejectment against the said Amos Eakle.

2. That the said plaintiff never was served with any writ of injunction issued out of the Circuit Court for Washington County ; nor was the said plaintiff in any manner restrained and kept from recovery, and out of the possession and enjoyment of the said land and premises in the said declaration mentioned, nor of the rents, issues and profits thereof, by virtue of any writ of injunction applied for by the said defendant, and ordered by the said Circuit Court.

3. That the defendant did not procure the said writ of injunction mentioned in the recital and condition of the said writing obligatory declared on, to issue against the said plaintiff, nor did he, the said plaintiff, desist from the prosecution of his said action of ejectment against the said Amos Eakle, because of such injunction, but of his own voluntary will and action.

4. That, by no agreement of counsel, did he, (the defendant,) ever agree or consent to become or be bound, or in any manner held liable on the said writing obligatory, declared on in this cause, as if an injunction had in fact issued, and the plaintiff been restrained thereby.

5. That there was no agreement made, dispensing with the issuing of the said injunction, and to stand and be operative in lieu thereof, nor did he, the said defendant, ever agree to become or be rendered liable to the said plaintiff on the said writing obligatory, declared on in this cause, as if an injunction had in fact issued, and the plaintiff restrained thereby.

6. That there was no agreement of counsel made dispensing with the issuing of the said injunction as ordered by the said Court, and to stand and be operative in lieu thereof, as if said injunction had in fact issued, and the plaintiff restrained thereby, but the said plaintiff, of his own free will and action, desisted from and failed to prosecute his said action of ejectment against the said Amos Eakle during the time mentioned in said declaration.

7. Plea of *non-damnificatus*, and issue joined thereon.

8. That since the order granting the writ of injunction, there has been no further order, revoking the said order for the injunction, but the same remains in force.

To the first, second, third, fourth, fifth, sixth and eighth pleas, the plaintiff demurred, and the defendant joined in demurrer; and judgment was entered on the demurrer for the defendant, from which the plaintiff appealed.

The cause was argued before BOWIE, C. J., BARTOL and CRAIN, J.

*Andrew K. Syester*, for the appellant.

The appellee's responsibility on the injunction bond must be determined, in the first place, by his covenants

or stipulations as set out in the recitals and condition of the bond. This bond recites, that he is about to obtain *an injunction to stay* certain proceedings at law ; and then he stipulates and covenants to " *satisfy and pay all damages occasioned by the stay of the legal proceedings.*"

Did he obtain, &c., "an injunction to stay" the proceedings recited in his bond? By the appellee it is contended that he did not, because no writ of injunction issued. On the contrary, it will be insisted by the appellant, that he did obtain such an injunction, and that the order of the Court, " granting the prayer" for the injunction, and the further order directing the writ to issue upon the appellee's filing a bond, &c., was, in fact and in substance, *the injunction;* and that the defendant in the injunction case, having full knowledge of all this, (being in Court when the order was pronounced and reduced to writing,) was as much bound to surcease his proceedings at law, as if a formal and technical writ had issued, and had been regularly served upon him. The question as to whether this order and the granting the prayer was, or was not, to all intents and purposes, the injunction, can only be determined by reference to the relations of the party to the Court of Equity. In what light does Chancery view orders such as these? And to what responsibilities does it hold parties who are the objects of such proceedings? These questions are distinctly answered by the following authorities, from which it will very clearly appear, that *no writ* is necessary *to cast* upon a defendant to a prayer for an injunction all the consequences and responsibilities of a *breach of an injunction*, when, after knowledge of the existence of an order, he ventures to disregard it: *Osborne vs. Tenant*, 14 *Ves.*, 137 ; *Skip vs. Harwood*, 3 *Atkyns*, 564 ; *Anon* ——, 3 *Atkyns*, 567 ; *Vansandau vs. Rose*, 2 *J. & W.*, 264 ; *Kimpton vs. Eve*, 2 *Ves. & Be.*, 349 ; *Drewry on Injunctions*, 399, (36 *Law Lib.;*) *Waterman's Eden on Injunction*, *p.* 102, *note* 1 ; *p.* 96, *note*

2 ; *Erie & Northeast Railroad Company vs. Casey*, 26 *Penn. Rep.*, 296 ; *Endicott vs. Mathis et al.*, 1 *Stockton's Ch. Rep.*, 114 ; *Lawes vs. Morgan*, 5 *Price*, 518.

But in addition to actual knowledge of all that had been decreed against him in equity, the appellant had appeared to the petition for an injunction without objecting to the irregularity, and thus had *put it out of his power*, at any subsequent stage of the proceeding, to deny its force or take any advantage of the irregularity of the complainant's proceedings in any particular. He could no more have discharged himself of a contempt for breach of injunction, after this appearance and acquiescence, than he could have taken advantage of the want of a subpoena. His appearance had waived all irregularities, *and failing to move immediately upon his appearance to dissolve or strike out the order*, he is regarded in equity as acquiescing fully in its efficacy to restrain him, and could not be heard afterwards to impugn its power and efficiency in this behalf. *Parker vs. Williams*, 4 *Paige*, 439 ; *Seebor vs. Hess et al.*, 5 *Paige*, 85 ; *Waterman's Eden*, 82, *note* 1 ; *Patrick vs. Harrison*, 3 *Brown's Ch. Rep.*, 476 ; *Attorney General vs. Nichol*, 16 *Ves.*, 338.

Again : *Orders* in Chancery are to be obeyed by all persons having notice of them, and upon whom they are intended to operate ; hence restrictive orders, which are equivalent to injunctions, (*Burch vs. Scott* and *Clapman vs. Thomson*, in *note*, 1 *Bland*, 123,) "are treated as injunctions ;" and the reason of this is, that these orders are passed restraining execution of decrees in Chancery, and operating upon persons *already in Court*, and who are therefore charged with notice. The writ of injunction, which did not go in this case, could have performed no other office than to have acquainted the party with the order of the Court. See form and substance of such writ, 2 *Harris' Entries*, 557 ; 3 *Daniel Ch. Pr.*, 1817.

And in the case of *Summers vs. Farish*, which was an

action precisely like this, no writ issued; the party, however, having *notice* through the clerk, it was held that a formal technical writ was unnecessary. The omission to issue the writ may sometimes be invoked by a defendant in the injunction-case *to protect him against the punishment for contempt*, where a complainant has lain by an unreasonable time; (*James vs. Downes*, 18 *Ves.*, 524;) yet it is believed that no case can be found in which the complainant, after having enjoyed all the benefits of his injunction has been suffered to shield himself, in an action on his bond, under any such plea; he is estopped. *Loomis vs. Brown*, 16 *Bar.*, 325.

These authorities all show that the *order of the* Court is not inoperative, or ineffectual to restrain; that it is mandatory and binding on the defendant who has notice, especially where he so far acquiesces in its efficiency as to make himself a party to the case, without objection. And they demonstrate that under the facts in this case, the appellant would, in equity, *be held and treated as enjoined.* The bond recites that "an injunction is about to be obtained," &c., and then stipulates to pay all damages occasioned by this restraint; the pleas rely on the circumstance that no writ issued, and refer to but *one* of the conditions of the bond, wherein it is stipulated to "prosecute the writ with effect."

But in order to *bar* the appellant's right of recovery, each and every condition or stipulation in the bond must be shown to have been performed. *Morgan vs. Morgan*, 4 *G. & J.*, 401.

Here there is no pretence that the damages occasioned by the stay of the action at law have been satisfied. The cases of *Morgan vs. Blackiston*, 5 *H. & J.*, 61, and of *Morgan vs. Morgan*, 4 *G. & J.*, 401, are relied on as showing the strictness with which Courts have treated such bonds. They are not cited as having any other bearing on this case. But these cases were fully considered in the case

Eakle *vs.* Smith.

of *Wallis et al. vs. Dilley et al.*, 7 *Md. Rep.*, 237. In that case the obligor in the bond relied on the circumstance, that the bond recited that an *injunction had* been obtained ; that is, that at the time of filing the bond, an injunction was *already in existence;* when the case showed that the obligee was suing for damages occasioned by a writ of injunction issued *subsequent* to the execution and filing of the bond. But the Court pronounced such an attempt a mere " burlesque on justice," and held the obligor liable on his bond.

Lastly: The *narr.* avers, that the writ did not in fact issue, but that the same was supplied by an agreement of counsel. It is submitted that this effectually concludes the appellee. And if that is not sufficient to estop him, certainly his " treating the suit at law as enjoined," his being in Court term after term, as " attorney of record" for the defendant in ejectment, and for over three years consenting, as that case was called, that it was " enjoined," imposes *silence now*, " *when in conscience he should not speak.*" *Van Renselear vs. Kearney et al.*, 11 *How.*, 297.

*Richard H. Alvey*, for the appellee.

*As to the sufficiency of the declaration on demurrer :*

The condition of the bond is, to prosecute with effect a writ of injunction *about to be obtained*, not one that had been obtained. The declaration avers that no injunction issued, and yet, in order to assign a breach of the condition, it was found necessary to allege that the defendant did not prosecute with effect a writ of injunction that never had an existence, and by which the plaintiff was never restrained. The recital and condition had reference to a writ of injunction that was to be obtained, and to give the plaintiff a right of recovery on this bond, he should have alleged and shown in his declaration the issuing of the injunction, the restraint thereby, and the failure of the defendant to prosecute with effect ; which

means failure to prosecute to a successful termination. The bond not reciting that the writ of injunction *had been obtained*, as in the case of *Burgess vs. Lloyd*, 7 *Md. Rep.*, 178, but was *about to be obtained*, it was incumbent upon the plaintiff, suing upon the bond, to show, in his declaration, that the writ had been obtained, and that he had been restrained by it, and that it had been dissolved; otherwise there could be no breach assigned that would be within the letter and terms of the condition.   In the case of *Morgan vs. Blackiston*, 5 *H. & J.*, 61, it was decided, that an injunction bond was only binding with reference to the judgment *recited*, and not another; and in the case of *Morgan vs. Morgan*, 4 *Gill & John.*, 401, it was held, that it was no breach of an injunction bond conditioned for the prosecution of a writ of injunction with effect in the Court of Chancery, that it was not so prosecuted on the Equity side of St. Mary's County Court, in which the bond had been filed and approved, and from which the injunction had issued.   And if in those cases where writs of injunction were actually issued, and the parties subjected to their restraint, there was no breach of the conditions because of the non-application of the letter of the bonds, *a fortiori* none where no injunction ever issued, and where the plaintiff was never restrained by the writ contemplated in the bond.   The plaintiff therefore has shown no cause of action, and as the sufficiency of the declaration is brought into question by the demurrers, the defendant was entitled to judgment thereon.   *Morgan vs. Morgan*, 4 *Gill & John.*, 395; *Burgess vs. Lloyd*, 7 *Md. Rep.*, 178; *Jackson vs. Hanson*, 8 *Mees. & Wels.*, 477; *Brackenbury vs. Pell*, 12 *East.*, 585, 588.

*As to the effect of the demurrers:*

It is a primary rule in pleading, that a demurrer admits all such matters of fact as are well pleaded. *Washington and Baltimore Turnpike Road*, 19 *Md. Rep.*, 239.

And "the meaning of the rule is, that the party having had his option whether to *plead or demur*, shall be taken, in adopting the latter alternative, to admit that he has no ground for denial or traverse; which is one of the kinds of pleading. A demurrer is consequently an admission that the facts alleged are true; and therefore the only question for the Court is, whether, assuming such facts to be true, they sustain the case of the party by whom they are alleged." *Steph. Pl.*, 143, *side page*.

*As to the sufficiency of the pleas, the facts therein being admitted by the demurrers:*

That the writ of injunction never issued, and that the appellant was never *in any manner* restrained from, or delayed in the prosecution of his action at law, would seem certainly to be a full and complete answer to an action on the bond, the *gravamen* of which is damnification suffered from the restraint and delay caused by an injunction, in recovering the land sued for in the action of ejectment. That the writ of injunction, contemplated by the recital and condition of the bond, was never in fact brought into existence, and the appellant consequently suffering no restraint thereby, is certainly a sufficient answer to an action on the bond *that can only be sustained* by alleging and showing a failure to prosecute with effect a subsisting writ of injunction, whereby the plaintiff was restrained, and, by reason of such restraint, suffered damage. If for any other cause or reason than the operative restraint of the writ of injunction, the appellant desisted from the prosecution of his action of ejectment, he can clearly have no right of action on the bond, as the bond was intended only as an indemnity for the consequences of the contemplated writ of injunction. If by the allegation in the declaration, that the injunction, though never issued, was *supplied* by an agreement of counsel, *that the cause proceeded* as if the writ of injunction had issued, it be intended thereby to assert

that the injunction was dispensed with, and that the agreement was to stand in lieu of it, then such allegation is fully traversed and denied in the fourth, fifth and sixth pleas. It is alleged by the appellee, in his sixth plea, that there was no agreement of counsel made, dispensing with the issuing of the injunction as ordered by the Court, and to stand and be operative in lieu thereof, as if such injunction had in fact issued, and the plaintiff restrained thereby; but that the .appellant, of his own free will and action, desisted from and failed to prosecute his action of ejectment. But how, when, and *for what purpose* was this injunction supplied? What reference had this supplying of an injunction, that never issued, to the bond, and the liability thereon of principal and surety. While it appears to be retrospective, it does not appear at what stage of the proceedings the agreement referred to was made, nor can it be gathered from the allegation whether it was intended to take the place of the injunction, and, if such was the import of it, the remedy would be upon the agreement, and not upon the bond. *Freeman vs. Adams*, 9 *John.*, 115.

But any agreement, however, by which the bond could be changed, if it were possible to render it liable by an agreement, especially of a retrospective character, instead of a failure to prosecute an injunction, binding upon the party, to a successful termination, is denied by the pleas.

*As to the notion, that because the appellant was aware of the order for the writ of injunction, therefore he could regard himself as injoined:*

While this might be proper as a matter of prudence, under certain circumstances that did not exist in this case, to save the party from the consequences of contempt of the Court, the question is, could such prudential conduct of the appellant give him a right to claim a forfeiture of a bond conditioned to prosecute a *writ of injunction with effect*, irrespective of the existence of the writ? The

Eakle *vs.* Smith.

bond is a pledge for the action of the party obtaining the injunction, not coercive of, or an inducement to the prudence of the party standing in fear of the Court. Until the writ was obtained, and the party actually restrained by it, the bond had no operation or force, for it was only in reference to a writ of injunction to be obtained that it was to be obligatory. But, inasmuch as the writ did *not* issue, the appellant would not have incurred contempt of Court by proceeding with his action at law. 3 *Dan'l Ch. Pra.*, 1908 ; 1 *Newl. Ch. Pr.*, 230 ; *James vs. Downes*, 18 *Ves.*, 522, 525.

*As to the effect of the judgment on the demurrers, sustaining the sufficiency of the pleas, or any one of them :*

Each of the several pleas is in bar of the action, and if either one of them be good, judgment of *nil capiat* follows, notwithstanding there may be an issue of fact. "Where," says Sergt. Williams, in note (1,) to 1 *Saund.*, 80, "the defendant's plea goes to bar the action, if the plaintiff demur to it, and the demurrer is determined in favor of the plea, judgment of *nil capiat* shall be entered, notwithstanding there may be also one or more issues in fact ; because, upon the whole, it appears that the plaintiff had no cause of action. So where *several* pleas are pleaded, all of them going to destroy the action, and one or more issues are joined on some of the pleas, and there are one or more demurrers to the rest, if the Court determine the demurrers in favor of the defendant *before* the issues are tried, they shall not be tried ; and if *after* the trial, it will make no difference ; for in each case judgment of *nil capiat* shall be given against the plaintiff." So, in *Mansell on Demurrer*, 93, (26 *Law Libr.*, 62,) it is said, "if the demurrer be to one plea out of several, if they all go to destroy the action, and the demurrer be determined for the defendant, judgment of *nil capiat* shall be entered, notwithstanding there be issues on other pleas." *Tidd's Pra.*, 741, *side; Clearwater vs. Meredith*

*et al.*, 1 *Wal. U. S. S. Rep.*, 25 ; *Thompson vs. State, use of Admr. of Ford*, 4 *Gill*, 163.

CRAIN, J., delivered the opinion of this Court.

This was an. action instituted by the appellant against the appellee on an injunction bond and the breaches are assigned in the *narr.*; the bond declared on was given on the 29th of March, 1855, and recited "that whereas the said George W. Smith is about to obtain from the Circuit Court for Washington County, sitting as a Court of Equity, an injunction to stay proceedings at law, in. an action of ejectment lately exhibited in the said Circuit Court by the said Jacob Eakle against a certain Amos Eakle, and which is now pending in said Court, whereby the said Jacob Eakle seeks to recover certain lands in the declaration filed in said cause, mentioned. Now the condition of the above obligation is such, that if the said George W. Smith shall prosecute the said writ of injunction with effect, &c., then the obligation to be null and void ;" to this declaration the appellee, the defendant below, pleaded eight pleas, to all of which the appellant demurred generally, except the seventh plea, on which issue was taken—the appellee joined issue on the demurrer, and the Court rendered judgment in his favor.

A general demurrer to the pleas confesses all facts stated in them, provided such facts be well pleaded and the Court will consider the whole record and give judgment for the party who, on the whole, appears to be entitled to it. *Stephens on Pleading*, 143, 19 *Md.*, 239 ; 12 *East.*, 385 to 388.

Upon all the facts stated in the declaration and the pleas, was the appellant entitled to maintain his action against the appellee ? It is alleged that at the November Term, 1854, of the Circuit Court for Washington County, there was an action of ejectment depending in which Jacob Eakle, the appellant, was plaintiff, and one Amos

Eakle was defendant, and that the case was entered enjoined at that Term of the Court. The bond on which this suit was instituted was executed on the 29th of March, 1855; after its execution, it is admitted no writ of injunction issued and it is so stated in the plaintiff's declaration. The condition is to prosecute the said writ of injunction with effect, and if no writ of injunction issued in virtue of it, it was impossible for the appellee, the obligor in the bond, to prosecute with effect a writ which never issued; his responsibility by the recital and condition of the bond, did not commence until the writ issued.

In *Burgess vs. Lloyd*, 7 *Md.*, 178, it was held the recital, that the *writ of injunction had been obtained*, operated as an estoppel, and the obligor could not deny it; in this case the recital is, that he is about to obtain an injunction, and the plaintiff, before he can maintain his action, must aver in his declaration, that the writ had issued, that he had been restrained by it and that it had been dissolved or disposed of.

The condition of the bond is made for the protection of the obligor, and until the obligee can assign a breach within the condition of the bond according to its letter and terms, he cannot maintain an action. The rule of law is, that the obligation is defined and limited by the terms of the condition, and cannot be extended beyond the legal import of the words used in the condition. In a bond like this, the protection is extended to the principal as well as the security. It is a legal obligation to be discharged according to its condition, and cannot be enlarged or extended against the principal or sureties by implication or equitable considerations. This Court has very strictly construed injunction bonds. In the case of *Morgan against Blackiston*, 5 *H. & J.*, 61, it was decided, that an injunction bond was only binding with reference to the judgment recited and not another. And in the case of *Morgan vs. Morgan*, 4 *G. & J.*, 401, it was held, that it

was no breach of an injunction bond conditioned for the prosecution of a writ of injunction with effect in the Court of Chancery, that it was not so prosecuted on the Equity side of St. Mary's County Court, in which the bond had been filed and approved and from which the injunction had issued. In both of these cases, writs of injunction actually issued and the parties subjected to their restraint, yet it was held, that there was no breach of the conditions, because of the non application of the letter of the bonds. In this case no injunction ever issued in virtue of the bond, and the appellant was never restrained by the writ contemplated in it.

But we are asked to construe this bond as applying to the entry in the ejectment case made at November Term, 1854, but we cannot so apply it, without violating the recital of the bond and its condition. No writ of injunction issued in virtue of the bond, and the appellant never suffered any restraint or damage from it. But it is alleged that this entry was made by the agreement of the counsel and was to stand in lieu of the writ of injunction. This averment was denied by the fourth and fifth pleas of the defendant, and by the demurrer of the plaintiff the facts relied on in them are admitted. But admitting that the agreement was designed to take the place of the writ of injunction, and the parties thought themselves bound by it and so treated it, the remedy of the appellant would be upon the agreement and not upon the bond. *Freeman vs. Adams,* 9 *Johns. Rep.,* 115.

In the argument of this cause, it was earnestly urged by the counsel for the appellant, that as the appellee was aware of the order for the injunction, it was his duty to respect it and save himself from the consequences of a contempt of the Court. It is true a Court of Chancery in vindication of the power and authority of the Court, will have its process respected, and will punish a party attempting to elude or evade it, but for not respecting the

power of the Court, the appellant cannot claim a forfeiture of a bond conditioned to prosecute a writ of injunction with effect irrespective of the writ. In some cases Courts of Equity have granted injunctions without requiring more than a nominal bond, but a bond is given as a pledge for the action of the party obtaining the injunction, not coercive of, or an inducement to the prudence of the party standing in fear of the Court. Until the writ was obtained and the party actually restrained by it, the bond was inoperative and there could be no breach of the condition. 3 *Daniels, Ch. Pra.*, 1908 ; 18 *Ves.*, 522, 523.

Entertaining these views, we affirm the judgment with costs.

*Judgment affirmed.*

(Decided 17th July, 1867.)