GENERAL COURT, MAY TERM, 1804.

JOHNSON *vs.* GOLDSBOROUGH.

IN this case a judgment was entered in this court at May term 1803, for £3000 current money debt, and 536 w[r]. tobacco costs, to be released on payment of £1459 current money, with interest from the 1st of December 1800, and costs, with a stay of execution until the 1st of August 1804. The defendant on the 10th of July 1804, produced a writ of error endorsed, "bond filed and securities approved."

*Shaaff*, for the plaintiff, at an adjournment of the court, in August 1804, moved the court that a writ of

*A writ of error is not a supersedeas where the bond is not given in double the amount of the debt and costs recovered. or where the condition of such bond is, that if the plaintiff in error shall not prosecute such writ of error with effect, the bond shall not be void*

*capias ad satisfaciendum* might issue on the above judgment, notwithstanding the writ of error which had been sued out on the said judgment. And he assigned the following reasons:

1. Because the bond filed in the chancery office to stay execution is not in double the sum recovered, being £3000 current money debt, and the quantity of 536 wt. of tobacco, costs; and the said bond is given in the sum of £6000 current money only, which is not double the money and costs recovered.

2. Because the bond aforesaid, by the condition thereof, is made a nullity in this, that by the condition of the said bond, if the obligor, *Goldsborough,* shall *not prosecute* the writ of error or appeal with effect, &c. and in all things fulfil and pursue the directions of the act of assembly therein mentioned, and also pay and satisfy to the obligee, in case the judgment is affirmed, the amount of the said judgment, &c. then the said obligation is *to be void.* According to the tenor of which condition, if the obligor, *Goldsborough,* shall *not prosecute* the writ of error with effect, &c. that is, if the judgment shall be affirmed, &c. the said obligation is declared to *be void;* and by operation of law, if the said obligor *shall* prosecute the writ of error with effect, &c. that is, if the judgment shall be reversed, &c. the obligation aforesaid will become void; by which means the said bond will, in any event, become a nullity, and is not according to the act of assembly in such case made and provided.

*Proof* was made that a copy of the intended motion, and the above reasons, were served on the defendant's attorney on the 7th of August 1804, with a notice that the court stood adjourned until the 14th of August 1804, when the motion would be made; and an attested copy of the bond entered into for prosecuting the writ of error was filed.

CHASE, Ch. J. It appears to the court that the writ of error bond is not a *supersedeas,* and that the writ of *capias ad satisfaciendum* may issue, subject to

any objections which the defendant may make thereto upon the return thereof.

CA. SA. ORDERED ACCORDINGLY.