**CEARFOSS CONSTRUCTION CORP., et al., Plaintiffs,**

v.

**MMSG LIMITED PARTNERSHIP, Defendant.**

Civ. No. AMD94–2453.

United States District Court, D. Maryland.

Sept. 21, 1995.

Glenn E. Bushel, Brocato, Price & Bushel, Baltimore, MD, for plaintiffs.

Lynn A. Battaglia, Asst. U.S. Atty., Baltimore, MD, Stuart M. Fishbein, U.S. Dept. of Justice, Washington, DC, Jeffrey L. Forman, Towson, MD, for defendant.

## MEMORANDUM OPINION

DAVIS, District Judge.

(i)

This case began as a breach of contract action between Cearfoss Construction Corpo- ration ("Cearfoss") and MMSG Limited Partnership ("MMSG") in the Circuit Court for Baltimore County.[1] The circuit court entered judgment on March 29, 1993, for Cearfoss in the amount of $141,747.39 ("Cearfoss Judgment"). In April 1993, MMSG filed a supersedeas bond[2] in connection with its appeal of the Cearfoss Judgment to the Maryland Court of Special Appeals. Ultimately, the intermediate appellate court affirmed the judgment,[3] and MMSG's petition for a writ of certiorari to the Maryland Court of Appeals was denied.[4]

Meanwhile, a separate lawsuit for libel was instituted by Cearfoss against Milton Grodnitzky, a limited partner in MMSG, who filed a counterclaim alleging abuse of process. Cearfoss's complaint in that case was eventually dismissed, but on February 11, 1993, the circuit court entered an order of default against Cearfoss on Grodnitzky's counterclaim. After further proceedings, on September 14, 1993, a judgment was entered against Cearfoss in favor of Grodnitzky for $182,586.00 ("Grodnitzky Judgment"). Finally, in late November 1993, Grodnitzky assigned his judgment against Cearfoss to MMSG.

After the Court of Appeals denied MMSG's petition for a writ of certiorari and the Grodnitzky Judgment had been assigned to it, MMSG filed a motion in the Circuit Court for Baltimore County requesting that the court issue a declaration stating that the Cearfoss Judgment was "satisfied." MMSG argued that when it acquired the Grodnitzky Judgment by assignment, it gained a right of "set-off" against MMSG's liability under the Cearfoss Judgment and that it had exercised that right. MMSG argued further that it was only seeking official court recognition of its exercise of its right to "set-off." In other words, MMSG viewed the "set-off" as an inherent right which it gained from the assignment of the Grodnitzky Judgment, and

1. Case No. 90 CG 0377.

2. Md. Rules 8–422, 8–423 (1995).

3. *MMSG Ltd. Partnership v. Cearfoss Construction Corp.,* No. 959 (Md.Ct.Spec.App. mandate issued Apr. 26, 1994).

4. Petition Docket No. 145 (Md. denied Sept. 14, 1994).

which it could unilaterally exercise, rather than as a judicial remedy.

Prior to a ruling on MMSG's motion by the circuit court, several third parties expressed interest in the Cearfoss Judgment. Fitzgerald Electric Company ("Fitzgerald") moved to intervene. It claimed a perfected security interest in Cearfoss's assets. The Internal Revenue Service ("I.R.S.") also moved to intervene in order to assert federal tax liens against Cearfoss. In addition, Cearfoss's attorney, Thomas A. Baker, Esq., asserted an attorney's lien against the Cearfoss Judgment.[5] All three of these parties opposed MMSG's alleged right to set-off, and each essentially claimed priority of its interest in the Cearfoss Judgment.

The circuit court granted both Fitzgerald and the I.R.S. leave to intervene. The circuit court also denied MMSG's motion to declare a set-off. The court explained "that it is not convinced that the state of the law is such that there can be an automatic set-off by MMSG of its judgment against Cearfoss...." MMSG noted an appeal from this ruling to the Maryland Court of Special Appeals. Prior to any action by that court, however, the I.R.S. removed the case to this Court based on the federal question posed by the issue of the priority of its liens. 28 U.S.C. § 1331.

(ii)

In this Court, MMSG, Cearfoss, Fitzgerald and the I.R.S. have all filed motions for summary judgment. Baker has filed a motion seeking establishment and enforcement of an attorney's lien. Each party, with the exception of Cearfoss, is essentially claiming that its interest in the Cearfoss Judgment enjoys a higher priority than the interests of the other claimants. MMSG has reiterated its contention that it has already exercised its right to set-off and is only seeking judicial recognition of that fact. Cearfoss, Fitzgerald and Baker are also claiming, *inter alia,* that MMSG waived any right of set-off that it may have had with respect to the Cearfoss Judgment when (prior to the assignment of the Grodnitzky Judgment) it filed its super-

sedeas bond. In addition, the I.R.S., Cearfoss, Baker and Fitzgerald have notified this Court that if the Court determines either that MMSG has waived its right to any set-off, or that their collective interests have priority over MMSG's right of set-off, that they have reached agreement *inter esse* with respect to allocation of the Cearfoss Judgment.

This Court concludes, for the reasons set forth below, that MMSG has waived its right to any set-off.[6] Accordingly, MMSG's motion for summary judgment shall be denied, and the motions asserting waiver shall be granted. Furthermore, in view of the agreement among the claimants, the Court need not determine the remaining issues presented by the parties' summary judgment motions, and a final judgment of dismissal shall be entered.

(iii)

■ To prevail on a motion for summary judgment, a party must demonstrate that (1) there is no genuine issue as to any material fact and (2) it is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–324, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *see also Shealy v. Winston,* 929 F.2d 1009, 1012 (4th Cir.1991). If "the evidence [is] so one-sided that one party must prevail as a matter of law," the Court must grant summary judgment in that party's favor. *Anderson,* 477 U.S. at 268, 106 S.Ct. at 2520. It is this Court's responsibility to ensure that factually unsupported claims and defenses do not proceed to trial. *Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir. 1987).

■ MMSG claims that there are no issues of material fact remaining unresolved with respect to its "right" to set-off. MMSG argues that any remaining issues with respect to its set-off are essentially academic in nature as it has already "availed itself of the right to off-set its judgment against Cearfoss's judgment." MMSG's Motion Summ. J.

---

5. It is unclear from the record at what point Baker first asserted this claim.

6. No hearing is deemed necessary. Local Rule 105.6.

at 7. Moreover, MMSG contends that its set-off has served as payment and satisfaction of the Cearfoss Judgment; thus, its debt to Cearfoss has been discharged. *Id.* at 8. MMSG's only remaining contention is that "[a]lthough the law considered the judgment satisfied, MMSG is entitled to have the public record reflect that satisfaction. . . ." *Id.* According to MMSG, "[e]quity cries out for judicial recognition and effectuation of MMSG's set-off." *Id.*

■ MMSG's contention that it has already exercised a set-off is based on the notion that its alleged right to set-off is an inherent right which it may exercise wholly independent of judicial action. The only role that MMSG believes the judiciary plays in this case is to provide it with official recognition of its set-off through recordation of satisfaction of the Cearfoss Judgment in the public record. Such a reading is clearly contrary to Maryland law. The Maryland Court of Appeals has said unequivocally that a set-off may be " 'accomplished only by judicial action.' " *Barrier v. Marine Midland Trust Co.*, 263 Md. 596, 607, 284 A.2d 418, 424 (1971) (quoting 20 Am.Jur.2d, Counterclaim, Recoupment, etc. § 7 (1965)). Moreover, as the right to set-off did not exist at common law, in Maryland it may only be exercised pursuant to statutory authority or as an incident of a court's equity jurisdiction. *Ghingher v. Fanseen*, 166 Md. 519, 522, 172 A. 75, 78 (1934). MMSG has failed to point to any statute providing it with such a right, and no court to date has granted MMSG a right of set-off as an equitable remedy.

Furthermore, Cearfoss, Fitzgerald and Baker have joined in arguing (correctly in this Court's view) that MMSG has waived its right to claim a set-off. They contend that the April 1993 supersedeas bond filed by MMSG contains language which constitutes an express waiver of any right that it may have had to a set-off. The bond states as follows, in relevant part:

> KNOW ALL MEN by these presents that we, MMSG Limited Partnership as Principal, and United Pacific Insurance Company, as Surety, are held and firmly bound unto the State of Maryland in the just and full amount of One Hundred Sixty Thousand Dollars ($160,000) to the payment whereof well and truly be made to the State of Maryland, we bind ourselves and each of us, our and each · of our heirs, executors and administrators, jointly and severally firmly by these presents, and *we hereby waive any claim, right or privelege* [sic] *to discharge any liability under this bond in* any currency, funds, counterclaim, or *offsets,* other than legal tender currency of the United States.

Bond # U1715437 (emphasis added). The bond is signed by Steven Grodnitzky, a limited partner in MMSG, and by a representative of the surety.

■ MMSG contends that this language does not constitute a waiver. This contention is belied by the clear and express language contained in the bond, *i.e.*, "we hereby waive any claim, right or privelege [sic] to discharge any liability under this bond in . . . offsets. . . ." The language could not be any less ambiguous. *See Port City Constr. Co. v. Adams & Douglass, Inc.*, 260 Md. 585, 590–93, 273 A.2d 121, 124–25 (1971). Moreover, it is clear that under Maryland law a party may waive its right to exercise a set-off. The Maryland Court of Appeals explained long ago that

> [t]o claim a right of . . . set-off, is not an obligation or duty on the part of him who is entitled to it. It is his privilege, which he may waive or assert at his election. But having waived it . . . he will not afterwards be permitted, either in a court of law or of equity, as a matter of right, to assert his claim by way of . . . set-off. To suffer him to do so, would in contemplation of law, if not in fact, be practising a fraud upon the other creditors of his debtor.

*Hall v. United States Ins. Co.*, 5 Gill 484, 505 (Md.1847). Analogously, from the perspective of Cearfoss's creditors, it would constitute a fraud of the grossest kind to permit MMSG to substitute a bond (containing an express waiver of set-off) in place of an otherwise executable judgment, and then later to allow the bond (and the underlying judgment) to be extinguished by vitiating the critical waiver provision contained in the bond. This result is not compelled by Maryland law and cannot be sanctioned in the

exercise of an informed and equitable discretion.

Recognizing the effect of the unambiguous waiver as discussed above, MMSG argues in the alternative that even if it has waived its right to set-off by the language contained in the supersedeas bond, its waiver only takes effect if the Court determines that it has "any liability" to Cearfoss. Thus, the argument goes, if there is no liability, then there is no set-off to be waived. MMSG's Suppl. Opp. to Fitzgerald Elec. Co.'s Mot. Summ. J. at 3–4. MMSG's reasoning up to this point is unassailable; however, MMSG's claim that there is no liability is based on its contention that it has already exercised a right of set-off against the Cearfoss Judgment. *Id.* The argument falls of its own weight.[7]

MMSG's final contention that the I.R.S., Fitzgerald and Baker are not entitled to rely on the language of the bond because they were not parties to the bond is equally misplaced. A supersedeas bond acts to "stay the enforcement of a civil judgment" by providing security to all parties with an interest in the proceeds of a judgment while the bond's principal appeals that judgment. Md. Rule 8–422(a) (1995). *See generally O'Donnell v. McGann,* 310 Md. 342, 529 A.2d 372 (1987). Obviously, persons other than those joined as parties to the action on appeal can have an interest in the proceeds of a judgment. *See* Md. Rule 1–403 (1995) ("[A]ny person having a beneficial interest in a bond filed in an action may file a motion for additional surety, removal of an existing surety, or substitution of a new surety. In addition to granting the motion, the court may order any other relief against the principal that is appropriate to protect the person with the beneficial interest. . . ."). Clearly, the claimants in the instant case had a beneficial interest in the Cearfoss Judgment when it was entered by the circuit court, and they have such an interest today. They are entitled to proceed against the bond, absent sat-

isfaction of the judgment by MMSG, as successors to the interests of Cearfoss.

### (iv)

For all these reasons, MMSG's motion for summary judgment shall be denied, this Court having determined as a matter of law that MMSG has waived any set-off to which it might have been entitled. For like reasons, the motion for summary judgment filed by Cearfoss, Fitzgerald and Baker shall be granted in part, and denied in part. Under the circumstances, this case shall be dismissed pursuant to this Court's standard settlement order, filed herewith.

---

7. The supersedeas bond was executed by MMSG in April 1993. Grodnitzky did not even assign his interest in the Cearfoss Judgment to MMSG until November 1993. Thus, MMSG's argument

that its "automatic" set-off somehow came into existence prior to its execution of the bond (containing an express waiver of any right of set-off) is beyond the grasp of this Court.